UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARCUS K. MCCARTER,

        Plaintiff,

    -v-                                     12-CV-1139Sr
                                           ORDER

ERIE COUNTY CORRECTIONAL FACILITY;
ERIE COUNTY CORRECTIONAL OFF. JOHN DOE;
ERIE COUNTY SHERIFF'S DEPARTMENT;
ERIE COUNTY SHERIFF TIM HOWARD;
ERIE COUNTY CORRECTIONAL FACILITY CHIEF LOVE,

        Defendant.

---

## INTRODUCTION

Plaintiff, Marcus K. McCarter, an inmate at the Erie County Correctional Facility ("ECCF") at the time of filing this *pro se* action, seeks damages against defendants alleging that he fractured his ankle while playing basketball at ECCF on a playing surface that was uneven and had cracks and holes. He brings his claims under 42 U.S.C. §§ 1983 and 1985, Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, and the Rehabilitation Act of 1973 ("Rehab. Act"), 29 U.S.C. § 794 *et seq.* He seeks permission to proceed *in forma pauperis* and has filed a Prison Authorization. For the following reasons, plaintiff is granted permission to proceed in forma pauperis and his claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*.

Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)

Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

A. **PLAINTIFF'S CLAIMS**

1. <u>42 U.S.C. § 1983 and 1985</u>

In order to state a valid claim under 42 U.S.C. § 1983, "the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). Under § 1985 plaintiff must allege (1) a conspiracy; (2) for the purpose of depriving a person of equal protection of the laws and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured or deprived of any right of a citizen of the United States. *Mian v. Donaldson, Lufkin & Jenrette Securities*, 7 F.3d 1085, 1087-88 (2d Cir. 1993) (citing *United Brotherhood of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983)), *cert. denied*, 516 U.S. 824 (1995). The conspiracy must be motivated by racial or related class-based discriminatory animus. *Local 610*, 463 U.S. at 835-37; *Mian*, 7 F.3d at 1088. "[A] plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir.2003)

Plaintiff's claims fail under both statutes. The allegations set forth nothing more than a claim of premises liability--*i.e.*, negligence--and it is axiomatic that negligence is not actionable under § 1983.[1] *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). Moreover, plaintiff's claims do not in any way allege a conspiracy to deny plaintiff equal protection of

---

[1] Tort claims against a county may be brought pursuant to N.Y. General Municipal Law, § 50-e.

the law and therefore his claim under § 1985 equally fails to state a claim upon which relief can be granted. Leave to replead is denied because it would be futile. *See Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009).

2. <u>ADA and Rehab. Act</u>

Title II of the ADA provides, in pertinent part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "To prove a violation of Title II, a party must therefore establish: (1) that he is a 'qualified individual' with a disability; (2) that he was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to his disability." *Hargrave v. Vermont*, 340 F.3d 27, 34-35 (2d Cir. 2003); *see also Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003) (elements of claim under § 504 of the Rehabilitation Act are "substantially the same" as under Title II of the ADA); 29 U.S.C. § 794(a)).

It is clear that plaintiff fails to state a claim under both the ADA and Rehab. Act. He is not a person with a disability, *see Morse v. City of New York*, 2001 WL 968996, at *7 (S.D.N.Y., Aug. 24, 2001) (broken bones are usually not disabilities under ADA), nor does he remotely allege that he was denied from participation in the Correctional Facility's or County's services, programs or activities because of his disability. Accordingly, plaintiff's claims under the ADA and Rehab. Act are dismissed for failure to state a claim upon which relief can be granted and leave to replead is denied. *See Holmes*, 568 F.3d at 334.

4

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee. Accordingly, plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

/s/ John T. Curtin
JOHN T. CURTIN
United States District Judge

DATED: 5/15/2013
Buffalo, New York